UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KATO COLEMAN,

                              Plaintiff(s),                       REPORT AND
                                                                                   RECOMMENDATION

           -against-                                                    CV 10-5404 (SJF) (ETB)

TRADER JOE'S CORPORATION

                              Defendant(s).
------------------------------------------------------------------------X
TO THE HONORABLE SANDRA J. FEUERSTEIN, United States District Judge:

      Before the court is a letter motion by the defendant, Trader Joe's Company (incorrectly sued herein as "Trader Joe's Corporation), seeking sanctions in the form of dismissal of plaintiff's action, with prejudice, pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure, for plaintiff's failure to comply with court orders and otherwise prosecute this action. For the following reasons, defendant's motion should be granted.

FACTS

      The pro se plaintiff, Kato Coleman, commenced this action against his employer, Trader Joe's Company, on November 19, 2010, alleging that the defendant discriminated against him based on his race and religion and subjected him to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended. (Compl. 3-4).

      Defendant filed its Answer to plaintiff's Complaint on April 5, 2011. The initial conference was held on April 6, 2011. A discovery completion date of September 30, 2011 was set at that time and a final pretrial conference was scheduled for October 12, 2011. (Order of

Boyle, J. dated April 6, 2011).

By letter motion dated June 30, 2011, defendant sought to compel plaintiff to respond to defendant's outstanding discovery requests that were served on plaintiff on May 10, 2011, and to which plaintiff had failed to respond. (Letter of Matthew F. Damm dated June 30, 2011). Defendant's motion to compel was granted on July 13, 2011 and plaintiff was ordered to comply with all outstanding discovery requests within seven days. (Order of Boyle, J. dated July 13, 2011). The pro se plaintiff failed to do so.

With no response from plaintiff as of August 15, 2011, defendant submitted a letter to the Court requesting a pre-motion conference in anticipation of defendant's motion for sanctions, pursuant to Federal Rule of Civil Procedure 37. (Letter of Matthew F. Damm dated August 15, 2011). Defendant's request was granted and a pre-motion conference was scheduled for September 19, 2011. (Order of Boyle, J. dated September 12, 2011). Plaintiff failed to appear for the pre-motion conference on September 19, 2011 and did not communicate with the Court as to his non-appearance. (Order of Boyle, J. dated September 19, 2011). At that time, the Court granted defendant leave to move for sanctions in the form of dismissal and, with defendant's consent, deemed the request for a pre-motion conference to be defendant's motion for sanctions. (Id.).

The plaintiff was afforded a final opportunity to comply with outstanding discovery by September 30, 2011. (Id.). Plaintiff was also advised that the failure to comply would expose this action to dismissal, pursuant to Rules 16 and 37 of the Federal Rules of Civil Procedure. (Id.). Plaintiff was directed to file any opposition to defendant's motion for sanctions on or before October 14, 2011. (Id.). The plaintiff has not responded. No discovery has been

provided. No opposition has been filed by plaintiff. (Letter of Matthew F. Damm dated October, 3, 2011).

DISCUSSION

I.     Dismissal Pursuant to Rules 16(f) and 37(b)(2)(A)

Federal Rule of Civil Procedure 16(f) provides, in pertinent part, that the Court "may issue any just orders, including those authorized by Rule 37 (b)(2)(A)(ii)-(vii) if a party or its attorney . . . fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). The Rule 37 sanctions incorporated into Rule 16 include an order "dismissing the action or proceeding in whole or in part. . . ." Fed. R. Civ. P. 37(b)(2)(A)(v).

Dismissal of an action is appropriate where (1) the party has demonstrated willfulness, bad faith or fault; (2) less drastic sanctions will not work; and, (3) the party has been warned of the risk of dismissal for failure to comply with court orders. See Lediju v. New York City Dep't of Sanitation, 173 F.R.D. 105, 112 (S.D.N.Y. 1997). The fact that plaintiff appears pro se does not insulate him from dismissal for failure to comply with the orders of the court. See, e.g., Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 303 (2d Cir. 2009) (affirming district court's dismissal of a pro se employment discrimination action for failure to comply with the Magistrate Judge's discovery orders); Lediju, 173 F.R.D. at 113 (dismissing case for pro se plaintiff's failure to obey court scheduling orders); Martin v. Metropolitan Museum of Art, 158 F.R.D. 289, 292-93 (S.D.N.Y. 1994) (dismissing case for pro se plaintiff's failure to produce documents so that the "case stands still at a preliminary stage"); Muina v. H.P.D., No. 91 Civ. 4154, 1994 U.S. Dist. LEXIS 2840, at *1, 2 (S.D.N.Y. Mar. 14, 1994) (dismissing case for pro se plaintiff's failure to

obey court orders). As the Second Circuit has observed, "all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988); see also Agiwal, 555 F.3d at 302 ("Pro se litigants . . . are not immune to dismissal as a sanction for noncompliance with discovery orders.").

The Second Circuit has held that disciplinary sanctions pursuant to Rule 37 serve three purposes:

> First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

Sullivan v. City of New York, No. 94-CV-1643, 1997 U.S. Dist. LEXIS 14645, at *1, 5 (E.D.N.Y. Sept. 3, 1997) (quoting Update Art, Inc. v. Modiin Publ'g, Inc., 843 F.2d 67, 71 (2d Cir. 1988)).

The decision to impose sanctions under Rules 16 and 37 is a matter of judicial discretion. See Richardson v. Nassau County, 184 F.R.D. 497, 503 (E.D.N.Y. 1999); Airlines Reporting Corp. v. Grecian Travel, Inc., 170 F.R.D. 351, 354 (E.D.N.Y. 1995). Dismissal is not warranted where a party has made a good faith effort to comply with court orders; however, it is appropriate where noncompliance is a result of willfulness, bad faith or fault on the part of the disobedient party. See Zises v. Department of Soc. Serv. of the Human Res. Admin. of the City of New York, 112 F.R.D. 223, 226-27 (E.D.N.Y. 1986).

Dismissal is an appropriate sanction in this action. The plaintiff failed to comply with

discovery requests and the orders of the Court. He failed to appear when directed. Plaintiff has made no attempt to communicate with the Court to offer any explanation for his conduct.

Courts have recognized that dismissal with prejudice is a harsh remedy and should be used sparingly. See Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994); United States v. $121,670 in U.S. Currency, No. 97-CV-93, 1998 U.S. Dist. LEXIS 15518, at *1, 3 (E.D.N.Y. June 29, 1998). Nevertheless, "in this day of burgeoning, costly and protracted litigation courts should not shrink from imposing harsh sanctions where . . . they are clearly warranted." U.S. Currency, 1998 U.S. Dist LEXIS 15518 at *3 (quoting Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979)).

Therefore, I recommend that plaintiff's action be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A).

II.     Dismissal is Also Appropriate Under Rule 41(b)

Federal Rule of Civil Procedure 41(b) states, in pertinent part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The court has the power under Rule 41(b) to dismiss a complaint for failure to comply with a court order, "treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995).

Dismissal for failure to prosecute under Rule 41(b) is a matter vested in the sound discretion of the court. See Lediju, 173 F.R.D. at 110. Although dismissal is a "harsh remedy" to be used only in "extreme circumstances," Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998), it is a plaintiff's duty to prosecute his or her case diligently. See Lyell Theatre Corp. v. Loews

Corp., 682 F.2d 37, 43 (2d Cir. 1982). Failure to do so may result in dismissal of the action with prejudice. See id.

The Second Circuit has instructed that a court must consider the following factors when assessing whether to dismiss an action pursuant to Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and, (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Spencer, 139 F.3d at 112-13; Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994). Generally, no one factor is dispositive. See Spencer, 139 F.3d at 112.

With respect to the first factor, courts analyze it by considering two aspects: (1) whether the failure to prosecute or comply with a court order was caused by plaintiff, and (2) whether these failures were of significant duration. See Jackson, 22 F.3d at 75. In the instant litigation, plaintiff has failed numerous times to comply with discovery requests, even when ordered to do so by the Court, and also failed to appear at a court conference. Moreover, plaintiff failed to communicate with the court with regard to his non-appearance. The defendant's request for disclosure was served on May 10, 2011 and is long overdue.

The second factor requires that plaintiff be given sufficient notice that failure to comply would result in dismissal. See Spencer, 139 F.3d at 112-13; Jackson, 22 F.3d at 74. Plaintiff has been provided such notice. The Order granting defendant's application to file a motion for sanctions explicitly stated that plaintiff was afforded one final opportunity to comply with

outstanding discovery and had a deadline of October 14, 2011 to file any opposition to the within motion.

With respect to the third factor, "[p]rejudice to defendant[] resulting from unreasonable delay may be presumed." Lyell Theatre Corp., 682 F.2d at 43. The defendant has had to incur unnecessary legal expenses as a result of the plaintiff's non-compliance. Fourth, plaintiff has had ample time to prosecute his case and numerous opportunities to be heard. Both this Court and the defendant have made every effort to enable plaintiff to proceed. Plaintiff has nevertheless ceased all activity in furtherance of this action. Finally, there are no appropriate lesser sanctions for this court to impose. See id. "Court Orders and defendant's attempts to contact plaintiff have proven fruitless." Id. Plaintiff has apparently lost interest in his case. Therefore, I recommend that defendant's motion to dismiss with prejudice be granted.

## RECOMMENDATION

For the foregoing reasons, I recommend that defendant's motion be granted and that this action be dismissed, with prejudice, pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(A)(v) and 41(b).

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the

expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299-300 (2d Cir. 1992).

Defendant's counsel is directed to serve a copy of this report on all parties upon receipt.

**SO ORDERED:**

Dated: Central Islip, New York
      November 18, 2011

                              /s/ E. Thomas Boyle
                              E. THOMAS BOYLE
                              United States Magistrate Judge